## Lena Robitaille

*vs.*

## Androscoggin & Kennebec Railway Company.

Androscoggin County. Decided April 27, 1923. This is an action to recover damages for personal injuries claimed by the plaintiff to have been incurred through the negligence of the defendant. The jury returned a verdict for the plaintiff for two thousand dollars. The case is before the court on general motion for a new trial.

On September 27, 1921, at or about 11:25 P. M., the plaintiff and one Peter Hayes were standing by the track of the defendant awaiting the arrival of a car then on its way from Mechanic Falls to Lewiston. The location is in Auburn. The plaintiff was a visitor at the home of an uncle whose house was about ninety-five feet from the point of the accident, and three and one half miles distant from Lewiston. Mr. Hayes expected to take the defendant's car to Lewiston, the plaintiff intended to return to her uncle's house.

The testimony shows that the plaintiff was standing face to the electric road and about two and one half feet from the track, and that Mr. Hayes stood by her side with his face toward her. She says she signaled the motorman while the car was yet three hundred feet away, that she did not notice the motorman, or whether the car slowed down. Aside from the above she remembers nothing, and does not know how she was injured. She says she regained consciousness that night while in hospital, and that she returned to her uncle's home the next day suffering from pain in the head and right side. Her condition at the date of the trial was substantially normal. The plaintiff's companion was killed, without doubt, from contact

with some part of the electric car of defendant. The injury causing death was behind his left ear, the skull being crushed. He was standing between the plaintiff and the approaching car, his back toward the car. The plaintiff's testimony so locates Mr. Hayes, and the location of the injury corroborates her beyond peradventure. The theory of the plaintiff's counsel is that the car, going at a rapid rate of speed, struck Mr. Hayes, throwing his body against the plaintiff, causing her injury, which again is no doubt the fact. To sustain the theory sufficiently to cast negligence upon the defendant, testimony was introduced tending to show a badly constructed track, a projecting knob or handle on the side of the car door, a rate of speed about fifty miles an hour, and a consequent swaying car, swaying from side to side from one foot to eighteen inches,—from which it is claimed that passing the location of the accident, going at a high speed, the car swayed sidewise beyond the lawful limit of its course and caused the injury to the plaintiff.

There was opposing testimony as to the good condition of the rails and roadbed, as to the kind and quality of the car, that it was one of eight exactly similar in use on defendant's road, that no change had been made since the accident, in the road, the rails, or the car,— that the speed was not over twenty-five miles per hour, that the plaintiff and her companion were not seen until the car was within twenty-five feet of where they stood. There was testimony as well from competent witnesses as to the possibility of a car swaying from a foot to eighteen inches, and what would happen to the trolley connection if a car should sway either distance, and whether a car under such speed and swaying either distance would remain on the rails.

There was but one passenger on the car at the time, a lady who testified for the defendant. She said she read a newspaper during the passage from Mechanic Falls to the point of the accident, and did not notice that the car was proceeding at an unusual rate of speed.

The plaintiff had the burden of proving that the defendant was negligent and that its negligence caused her injuries. After a careful examination of the case, it is the opinion of the court that the plaintiff has failed to sustain the burden of proof, either affirmatively or by proof of facts from which negligence could legally be inferred.

The verdict is manifestly wrong. Motion sustained. New trial granted. *Frank A. Morey,* for plaintiff. *William H. Newell,* for defendant.